# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| TAREEM JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-142 |
| | ) | |
| ITT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Second Motion for an Extension of Time to File a Response to the Defendant's Motion for Summary Judgment. (Docket # 27.) The Court previously granted the Plaintiff to and including July 11, 2011, to file a Response. (*See* Docket # 26.) That deadline passed without a Response being filed and on July 12, 2011, Plaintiff's counsel filed the Second Motion, seeking an extension of time because she has been on vacation and, apparently, learned on July 11 that a witness was unavailable to submit an affidavit. (*See* Docket # 27-1.)

On July 13, 2011, and at the request of Plaintiff's counsel, the Court set the motion for an in-person hearing at 4 p.m. The Plaintiff's counsel, however, failed to appear and the hearing was held in her absence.[1] The Defendant objected to the Second Motion, observing that the Plaintiff has failed to show excusable neglect under Federal Rule of Civil Procedure 6(b) for such an extension.

Indeed, having filed the Second Motion for an Extension after the deadline had passed,

---

[1] After scheduling the hearing, the Court was informed by the office of Plaintiff's counsel that she was in a state court proceeding and would not be able to appear.

the Plaintiff must establish excusable neglect under Federal Rule of Civil Procedure 6(b). *See Goodman v. Clark,* No. 2:09 CV 355, 2010 WL 2838396, at *2 (N.D. Ind. July 12, 2010). To determine whether a delay was caused by excusable neglect, courts must consider "all relevant circumstances surrounding the omission" including the danger of prejudice to the other party; the length of the delay and its impact on the proceedings; the reasons for the delay, including whether they were in the "reasonable control of the movant"; and whether the movant acted in good faith. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Plaintiff's counsel has failed to argue, let alone demonstrate, excusable neglect and, in fact, her own filings cut against such a finding. After the first extension was granted, Plaintiff's counsel went on a vacation and apparently waited until the weekend before the July 11 deadline to prepare any response. (*See* Docket # 27-1.) Since excusable neglect has not been shown, and since Plaintiff's counsel was not present at the hearing to otherwise articulate a basis for granting the Motion, the Second Motion for an Extension of Time (Docket # 27) is DENIED. The Court will rule on the Defendant's pending Motion for Summary Judgment based on the current record.

SO ORDERED.

Enter for July 13, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge